

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**(EASTERN DIVISION)**

UNITED STATES FIRE INSURANCE
COMPANY, a Delaware corporation,

    Plaintiff,

vs.                                                     Civil Action No. _____

PSP H2O FL USA, LLC,
a Delaware Limited-Liability Company,

    Defendant.

## COMPLAINT

Plaintiff, UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation, by and through its undersigned legal counsel files this, its Complaint against Defendant, PSP H2O FL USA, LLC, a Delaware Limited-Liability Company, and in support thereof would show:

### INTRODUCTION

This action involves a dispute over a marine insurance policy, it invokes this Honorable Court's admiralty jurisdiction, and it seeks first a declaratory judgment pursuant to this Court's authority under 28 U.S.C. §2201, declaring certain insurance policy to be null and void, and, secondly, to order restitution by the Defendant to the Plaintiff of certain expenses made under reservation of rights.

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is founded upon 28 U.S.CA., § 1333(1) in that the instant action is a civil action within the admiralty and maritime jurisdiction of the Court; it is further an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue properly lies in this district pursuant to 28 U.S.C.A. §§ 1391(a), 1391(b) or under judicial decisions governing venue in actions within the admiralty and maritime jurisdiction, or both.

## GENERAL ALLEGATIONS

3.      Plaintiff, UNITED STATES FIRE INSURANCE COMPANY (hereinafter "USFIC"), is a Delaware corporation and marine insurer with a principal place of business located in Morristown, New Jersey.

4.      Defendant, PSP H2O FL USA, LLC, (hereinafter "PSP") is a Delaware Limited-Liability Company, with a principal place of business located in Burlington, Massachusetts.

5.      At all times pertinent to this action, PSP was the owner of a 1991 33' Pontoon Vessel, Debris Skimmer (hereinafter "the Vessel").

6.      At all times pertinent to this action, PSP was insured by USFCI under Policy No. 850-102581-6 (hereinafter "the Policy") which provided Hull and Machinery ("H&M") and Protection and Indemnity ("P&I") coverages. (A copy of the Policy is attached hereto as **Exhibit "A"**).

7.      The Policy covered the period of June 1, 2017 to June 1, 2018 and was a renewal from the prior year (June 1, 2016 through June 1, 2017) during which time PSP also received coverage for the Vessel. Further, the Policy provided coverage up to $5,000,000.00 for any one accident or occurrence and, for purposes of H&M, the Vessel had an agreed value of $250,000.00.

8.      On or about April 2017, just a few months before the renewal of the Policy, unbeknownst to USFCI, PSP, in an effort to avoid leakage into the Vessel due to the pontoons' extensive corrosion and years of service, injected 1540 pounds of hydrophobic, closed cell foam into the pontoons, with the intention of displacing their entire internal volume in order to prevent

2

water ingress. The work in question, however, was defective, and as a result significantly altered the Vessel's loading capacity, stability and buoyancy, rendering the Vessel unseaworthy.

9. Upon information and/or belief, at no time prior to placing the Vessel back into service after injecting the foam into the pontoons, was the Vessel's crew informed about the unseaworthy condition of the Vessel and/or trained to operate it under such condition. Said ignorance and/or lack of training on the part of the crew, also made the Vessel unseaworthy.

10. At no time prior to PSP's application for renewal of the Policy in June of 2017, did PSP inform USFCI about: a) the alterations to the Vessel, as described in paragraph eight (8) of this Complaint, or b) the crew's lack of information and/or training to operate the altered Vessel, as described in paragraph nine (9) of this Complaint.

11. On or about May 23, 2018, while returning from normal skimming operations on Lake Lillinoah, Connecticut, the Vessel capsized to port in calm waters, in less than one minute, and approximately 100 feet from shore.

12. As a result of the capsizing event, on or about June 1, 2018, PSP submitted a claim to USFCI under the subject Policy for the loss of the Vessel, and on or about on July 30, 2018, USFCI denied the claim due to PSP's failure to demonstrate the loss was caused by a peril covered under the Policy.

13. Approximately four and half months after the declination issued by USFCI, on or about December 11, 2018, PSP submitted a supplemental claim to USFCI for the reimbursement of expenses PSP incurred to salvage the Vessel, in the amount of $107,539.07.

14. PSP claimed that the expenses referred to in the preceding paragraph as well as the loss of the Vessel were covered under the Policy's *Inchmaree* clause, providing for the coverage of "loss or damage to the Vessel directly caused b Negligence of Repairers, provided such loss or

damage has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them." See, **Exhibit "A"**.

15. Upon examination of the claim, on or about February 22, 2019, USFCI issued a preliminarily denial of the claim due to PSP's breach of the *uberrimae fidei* doctrine and the Policy's implied warranties of seaworthiness. USFCI, however, without prejudice and under reservation of rights, and given the need to salvage the Vessel to determine the cause of the loss, agreed to pay and did pay PSP the sum of $107,539.07.

16. On or about September 4, 2020, upon completion of its investigation of the claim, USFCI concluded - given the reasons stated in paragraphs eight (8) and nine (9) of this Complaint – that the Vessel was, at all times pertinent to the claim, in an unseaworthy condition and informed PSP that the claim would be denied for the following reasons:

   a. The Policy is void *ab initio* given PSP's breach of the absolute warranty of seaworthiness implied by law, and its failure to provide a seaworthy Vessel at the inception of the Policy;

   b. The Policy is voidable given PSP's breach of the "negative" warranty of seaworthiness implied by law at the commencement of every voyage, and its failure to provide a seaworthy Vessel at the commencement of the voyage of May 23, 2018, when the Vessel capsized, and,

   c. PSP breached the *uberrimae fidei* doctrine given its material misrepresentations about the condition of the Vessel at the time the Policy was renewed on or about June 1, 2017.

17. In addition to denying the claim, USFCI returned PSP all premiums paid by PSP under the Policy (in the amount of ($8,000.00) for the coverage of the Vessel, and has demanded

that PSP restitute the $107,539.07 USFCI paid under reservation of rights. (A copy of the Declination Letter is attached hereto as **Exhibit "B"**).

18. At present, PSP has failed and refused to restitute USFCI the $107,539.07 USFCI paid under reservation of rights.

19. All conditions precedent to the presentation of this action have been met, satisfied and/or released.

### COUNT I – DECLARATORY JUDGMENT RELIEF

20. Paragraphs one (1) through nineteen (19) of this Complaint are incorporated in this count as if fully set forth herein.

21. General maritime law provides that, at the inception of every marine insurance policy, the owner of the vessel impliedly warrants and promises to the insurer that the vessel covered by said policy is in all respects seaworthy. The breach of this warranty makes the policy void *ab initio*.

22. General maritime law provides that, at the inception of every voyage by a vessel covered by a marine insurance policy, that the owner of the vessel impliedly warrants and promises to the insurer to not knowingly send the vessel to sea in an unseaworthy condition. The breach of this warranty makes the warranty voidable.

23. General maritime law provides that, when a vessel sinks in calm water, there is a presumption that the vessel sank because it was unseaworthy, and it is the vessel owner's burden to rebut the presumption.

24. General maritime law demands from a vessel owner the upmost good faith when applying for a marine insurance policy. Marine hull insurance policies are contracts *uberrimae fidei* - i.e., they are grounded in the utmost good faith. This *uberrimae fidei* doctrine provides that a material misrepresentation on an application for marine insurance is grounds

5

for voiding the policy, and that an underwriter is presumed to act on the belief that the insurance applicant disclosed all facts material to the risk. A misrepresentation, even if it is a result of mistake, accident, or forgetfulness, makes the policy voidable at the insurer's option. A misrepresentation is material if it might have influenced the mind of a prudent and intelligent insurer in determining whether to accept the risk.

25. At all times pertinent to this action, PSP breached the implied warranty of seaworthiness at the inception of the Policy given the Vessel's unseaworthiness at the inception of the Policy.

26. At all times pertinent to this action, PSP breached the warranty of seaworthiness at the inception of the voyage of May 23, 2018, given the Vessel's unseaworthiness at the inception of said voyage.

27. At all times pertinent to this action, the Vessel sank in calm waters, and accordingly it is presumed to have been unseaworthy at the time, and PSP has failed to rebut said presumption.

28. At all times pertinent to this action, the Vessel was unseaworthy and PSP has failed to provide any explanation or evidence to the contrary.

29. At all times pertinent to this action, the alterations to the Vessel when the foam was injected into the pontoons, as well as her general state of unseaworthiness, were material facts pertinent as to an insurance risk, such that PSP should have disclosed to USFCI this information when PSP requested the renewal of the Policy on or about June 1, 2017.

30. At all times pertinent to this action, PSP breached the *uberrimae fidei* doctrine given its failure to disclose to USFCI the fact that 1540 pounds of foam had been injected into the pontoons, that such work had been defectively performed, and that, as a result, the Vessel was in an unseaworthy condition.

31. As a result of the above, USFCI asserts that the Policy is void *ab initio* and/or that same is void and should to be declared void by a court of law.

32. USFCI further asserts that, having returned to PSP all premiums PSP paid in connection with the coverage afforded by the Policy for the Vessel in question, nothing prevents a court of law from declaring the policy void *ab initio* and/or void, and forever discharging and releasing USFCI from any and all obligations under said Policy in connection with damages to the Vessel and/or liabilities arising out of the use of the Vessel.

33. Upon information and/or belief, PSP denies that the Policy is void *ab initio* and/or void.

34. Pursuant to 28 U.S.C. § 2201, this Court has the authority to enter declaratory judgment relief in the instant action given the actual controversy existing between the Plaintiff and Defendant in connection with the Policy's coverage for the damages to the Vessel and/or liabilities arising out of the use of the Vessel.

WHEREFORE, for the afore-stated reasons, Plaintiff, UNITED STATES FIRE INSURANCE COMPANY respectfully moves this Honorable Court to enter declaratory judgment in favor of the Plaintiff and against the Defendant, PSP H2O FL USA, LLC, declaring the Policy void *ab initio* and/or void, forever discharging and releasing the Plaintiff from any and all obligations under said Policy in connection with damages to the Vessel and/or liabilities arising out of the use of the Vessel, and further awarding the Plaintiff costs in the prosecution of this lawsuit and any and all such other remedy the Court deems just and proper under the law.

## COUNT II – RESTITUTION

35. Paragraphs one (1) through thirty four (34) of this Complaint are incorporated in this count as if fully set forth herein.

36. The payment USFCI made on or about February 22, 2020 to PSP in the amount of $107,539.07 was made without prejudice and under a reservation of rights.

37. At no time prior to or after receiving the payment, did PSP express any objection to USFCI about receiving the payment subject to USFCI's reservation of rights.

38. Accordingly, USFCI asserts that, should the Court determine that the Policy is void *ab initio* and/or void, the Court should order PSP to restitute and pay USFCI the sum of $107,539.07, along with the payment of pre-judgment interest from February 22, 2020 until fully paid at the prevailing legal rate.

WHEREFORE, for the afore-stated reasons, Plaintiff, UNITED STATES FIRE INSURANCE COMPANY respectfully moves this Honorable Court to enter judgment in favor of the Plaintiff and against the Defendant, PSP H2O FL USA, LLC, ordering the Defendant to restitute and pay the Plaintiff the sum of $107,539.07, along with the payment of pre-judgment interest from February 22, 2020 until fully paid at the prevailing legal rate, and further awarding the Plaintiff costs in the prosecution of this lawsuit and any and all such other remedy the Court deems just and proper under the law.

Respectfully submitted, this 9th of October, 2020.

John T. Hugo, BBO #567262]
MANNING GROSS + MASSENBURG LLP
125 High Street, Oliver Tower, 6th Fl.
Boston, MA 02110
Phone: (617) 670-8800; Facsimile: (617) 6708801
Jhugo@mgmlaw.com
***Attorneys for the Plaintiff***